BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-MC-00133-MCE-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $147,260.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about May 6, 2014, the Drug Enforcement Administration (hereafter "DEA") seized Approximately $147,260.00 in U.S. Currency (the "defendant currency") from a YRC shipping box in Tracy, California.

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others.  On or about August 20, 2014, the DEA received a claim from James Pozo ("Pozo") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on May 6, 2014, the DEA received information regarding a YRC shipping box sent to Pozo from Medley, Florida.  DEA agents responded to the YRC Freight shipping hub in Tracy, California and found a large sum of cash concealed inside a speaker box within the freight box.  A drug detection dog positively alerted to the odor

of narcotics on the defendant currency.

4. The United States represents that it could also show at a forfeiture trial that when a detective called the phone number provided on the bill of lading, Pozo stated that he had shipped a package to California. When asked to clarify, Pozo stated that "a company" was shipping a speaker to him. The detective also told Pozo that the shipment contained a large amount of cash. Pozo responded that he did not know there was cash in the shipment.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

6. Without admitting the truth of the factual assertions contained in this stipulation, James Pozo specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, James Pozo agrees that an adequate factual basis exists to support forfeiture of the defendant currency. James Pozo hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, James Pozo shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency were seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

///

///

11. Upon entry of the Consent Judgment of Forfeiture, $125,171.00 of the Approximately $147,260.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

12. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $22,089.00 of the Approximately $147,260.00 in U.S. Currency shall be returned to potential claimant James Pozo through his attorney Jacek W. Lentz.

13. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. James Pozo waives the provisions of California Civil Code § 1542.

14. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

15. All parties will bear their own costs and attorney's fees.

16. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: January 27, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT